## Case No. 6,120.

### HARRIS v. FIRTH.

[4 Cranch, C. C. 710.] [1]

Circuit Court, District of Columbia. March Term, 1836.

DOMICIL—SLAVE—PETITION FOR FREEDOM.

1. The place to which a person has removed, with intent to remain there an indefinite time, and as a place of present domicil, is the place of his domicil, although he may entertain a floating intention to return at some future period.

2. If a person comes into this county as a sojourner, and brings with him his slave, and dies here, and his executor has been prevented, by the institution of this suit, from carrying the slave out of the district, the slave is not, by such importation, entitled to freedom.

[Cited in Hindman's Appeal, 85 Pa. St. 469.]

Petition for freedom [by Herbert Harris, a negro], on the ground that he was brought from Virginia into this county, to reside, contrary to the Maryland Act of 1796 (chapter 67). The petitioner offered evidence that cne Wilkes, was at the head of a company of sportsmen, (gamblers,) who resided in Richmond in Virginia. That he had hired a house in Washington, in this county, at first for three years, and afterwards for a term not yet expired, and continued to reside therein until his death on the 8th of November, 1834. That during such residence he purchased the petitioner in Virginia and brought him to Washington, where he resided with his master until his death. That Wilkes was considered as a citizen of the world, and before he came to Washington, had lived in Brunswick, in Virginia; sold out there, and lived in Richmond. That shortly before his death he intended, when he had made money enough, to go to the West and speculate in lands.

Mr. Brent, for petitioner, prayed the court to instruct the jury that if they shall find, from the evidence, that Wilkes removed to this county with an intention of remaining here for an indefinite time, and as a place of

[1] [Reported by Hon. William Cranch, Chief Judge.]

present domicil, this was his place of domicil, notwithstanding he might have entertained a floating intention to go to the west at some future period. Mr. Brent, in support of his prayer, cited Story, Confl. Laws, 45, 48, and Bruce v. Bruce, 2 Bos. & P. 228, note.

Mr. Coxe, for defendant, cited Story, Confl. Laws, 39, 47; the Maryland Act of 1796 (chapter 67, § 4), respecting sojourners; and the cases Jordan v. Sawyer [Case No. 7,521]; Maria v. White [Id. 9,076]; and Gassaway v. Jones [Id. 5,263]; Zolkowski Case [14 How. (55 U. S.) 400], in the supreme court of the United States; and Harrison v. Nixon [9 Pet. (34 U. S.) 483]; and Aspin's Case;[2] Almy v. Bingham;[2] Robertson on Succession, 468.

THE COURT (THRUSTON, Circuit Judge, contra) gave the instruction as prayed by Mr. Brent. And, at the prayer of Mr. Coxe, for the defendant, further instructed them, in effect, that, if Wilkes, being the owner of the petitioner, came to reside here as a sojourner, and while so being a sojourner, brought the petitioner here, and died, and the defendant since his death, has been prevented by the institution of this suit from carrying the petitioner out of the district, he is not entitled to freedom by reason of his being so brought in.

Verdict for the petitioner.